UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUCCESS FOR ALL FOUNDATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF EDUCATION, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-190 (RWR) |

PLANTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

Plaintiff respectfully opposes defendant's motion for an enlargement of time, dated June 22, 2006. Plaintiff is sensitive to the Court's busy docket and regrets the need to involve the Court in a dispute over timeliness; however, plaintiff has already agreed to numerous enlargements of time and defendant is currently in violation of the parties' Stipulation Regarding Scheduling (Stipulation) filed April 23, 2006.

Pursuant to the Stipulation, defendant agreed to rule on plaintiff's request for a waiver of fees for six requests under the Freedom of Information Act (FOIA) within three weeks of the Court's approval of the Stipulation. See Stipulation ¶ 4. The oldest of these requests has been pending since May 25, 2005. Plaintiff agreed to inform defendant, in writing, whether plaintiff would like to proceed with the FOIA requests within one week of receiving defendant's ruling. See id. Assuming plaintiff wished to proceed with the FOIA requests, the parties agreed to meet within two weeks of plaintiff's receipt of defendant's ruling to "reach an agreement on the scope of the requests and establish a deadline for producing the agreed upon records." Id.

The Court approved the Stipulation on May 4, 2006. Accordingly, defendant ruled on plaintiff's request for a waiver of fees on May 25, 2006. Plaintiff received defendant's ruling on May 26, 2006. On May 31, 2006, plaintiff informed defendant, in writing, that it wished to proceed with the pending FOIA requests, and requested a meeting with the defendant to discuss the scope of the requests. A copy of this letter is attached as Exhibit 1. The agreed upon purpose of the meeting was to establish a methodology for conducting any electronic searches the defendant needed to make in order to respond to plaintiff's FOIA requests. Pursuant to the stipulation, defendant was required to meet with plaintiff by June 9, 2006.

Plaintiff and its counsel tried numerous times to schedule the meeting. Plaintiff spoke with defendant's agency counsel on May 31, 2006, and the parties agreed to schedule a meeting between plaintiff's information technology (IT) staff and defendant's IT staff to determine specific electronic search methodologies. Defendant's agency counsel agreed to determine when defendant's staff would be available and to provide plaintiff with a list of possible dates. To facilitate the meeting, plaintiff voluntarily agreed to waive counsel's presence at the meeting so that the parties did not have to accommodate too many schedules. Plaintiff also provided defendant with specific parameters to facilitate defendant's searches and its estimation of fees (in some cases plaintiff narrowed the scope of its pending requests, and in some cases provided key search terms). See Exhibit 1.

Defendant never provided a list of dates to plaintiff. On June 8, 2006, plaintiff's counsel sent an email to defendant's counsel stating that while plaintiff had agreed to an enlargement of time to file a status report with the Court, plaintiff expected defendant to

2

comply with the remaining deadlines in the Stipulation. A copy of this email is attached as Exhibit 2. Plaintiff sent an email to defendant and defendant's agency counsel (both the attorney plaintiff had been working with and a new attorney assigned to the case) on June 12, 2006 requesting a meeting. Defendant's counsel sent a curt reply indicating defendant would not be available for several weeks. When plaintiff reminded defendant of the deadline imposed by the Stipulation, defendant ceased communication with the plaintiff. A copy of this email correspondence is attached as Exhibit 3. Although defendant never requested an extension of time, plaintiff agreed to provide defendant until June 22, 2006 to hold the meeting. Plaintiff's counsel sent an email to defendant, defendant's agency counsel and the Assistant U.S. Attorney assigned to this matter on June 14, 2006 requesting that a meeting be scheduled. A copy of this email is attached as Exhibit 4. Neither defendant nor its counsel responded to this email.

Finally, on June 19, 2006, plaintiff's counsel sent a letter to defendant's counsel demanding a meeting in accordance with the stipulation. A copy of this letter is attached as Exhibit 5. Defendant's counsel contacted plaintiff's counsel on June 21, 2006, one day before the meeting was required to be held, stating that due to "scheduling conflicts" defendant could not meet until July 10, one month after the deadline defendant agreed to in the Stipulation. While defendant's counsel agreed to hold a meeting on June 22, 2006, counsel declined to make defendant's IT staff available for that meeting because of a scheduled vacation. Because many of plaintiff's FOIA requests involve electronic searches, it would not be possible to discuss the scope of those searches without including people knowledgeable about defendant's IT system. In fact, plaintiff and defendant tried to meet without their IT staff once before only to learn that all of their

3

efforts to narrow the scope of the searches had been fruitless since the methodologies were not appropriate given the defendant's IT system. A meeting without the appropriate IT staff will not satisfy the requirements of the Stipulation.

Defendant has been aware of the requirement to meet with plaintiff since the Stipulation was filed in April. Defendant's statement that unforeseen scheduling conflicts prevented defendant from complying with the Stipulation is unreasonable, especially since it voluntarily agreed to the schedule established in the Stipulation. Defendant's actions are inconsistent with the Stipulation; defendant's own regulations, which require the defendant to provide plaintiff an opportunity to reformulate its requests to reduce costs (see 34 CFR § 5.61); and Executive Order 13392, which requires executive agencies to process FOIA requests in an efficient manner.

Plaintiff has been, and will continue to be, cooperative and reasonable. Plaintiff has agreed to every request for an enlargement of time that defendant has proposed; however, many of plaintiff's FOIA requests have been pending for over one year. Indeed, plaintiff was initially forced to invoke judicial oversight due to defendant's unwillingness to agree to any schedule for responding to plaintiff's overdue requests. Defendant's repeated requests for enlargements have only delayed these proceedings and delayed the delivery of documents plaintiff is entitled to under FOIA. Defendant never requested an enlargement of time from plaintiff until June 21, 2006, after defendant had already violated the Stipulation.

Thus, plaintiff respectfully requests that the Court deny defendant's motion for an enlargement of time. Furthermore, plaintiff requests that the Court compel defendant to comply with the stipulation by conducting the required meeting with appropriate IT staff

within one week of the Court's denial of defendant's motion, and that the Court compel defendant to provide all documents obtained using the agreed upon methodology to plaintiff within ten days of the meeting.

Plaintiff also requests the Court compel defendant to immediately process any of plaintiff's pending FOIA requests that do not require electronic searches. Processing the requests includes providing plaintiff with the notification of estimated fees required under 34 CFR § 5.61, which defendant has previously failed to provide. Plaintiff requests the Court compel defendant to provide all responsive documents within ten days of receiving plaintiff's assurance that it will pay the estimated fees.

                Respectfully submitted,

                /s/ Leigh M. Manasevit

                _____
                Leigh M. Manasevit
                D.C. Bar No. 260851
                Brustein & Manasevit
                3105 South Street, N.W.
                Washington, DC 20007
                Tele: 202-965-3652
                Fax:   202-965-8913

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing, Plaintiff's Memorandum in Opposition to Defendant's Motion for an Enlargement of Time, and a proposed Order shall be made through the Court's electronic transmission facilities on the 23rd day of June, 2006.

/s/ Leigh M. Manasevit

_____
Leigh M. Manasevit
D.C. Bar No. 260851
Brustein & Manasevit
3105 South Street, N.W.
Washington, DC 20007
Tele: 202-965-3652
Fax:   202-965-8913