```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

SUCCESS FOR ALL FOUNDATION,   )
                              )
            Plaintiff,        )
                              )
     v.                       )  Civil Action No. 06-190 RWR
                              )
U.S. DEPARTMENT OF EDUCATION, )
                              )
            Defendant.        )
                              )
_____)

### DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR AN ENLARGEMENT OF TIME

Contrary to Plaintiff's allegations (see Plaintiff's Memorandum in Opposition to Defendant's Motion for an Enlargement of Time ("Plaintiff's Opposition") at 1, 4), Defendant has complied with the parties' Stipulation Regarding Scheduling ("Stipulation") filed April 23, 2006, and approved by the Court on May 4, 2006.  Specifically, Plaintiff asserts that Defendant's inability to produce Information Technology ("IT") staff knowledgeable of the technical implications of the electronic searches necessary to process certain of Plaintiff's pending Freedom Of Information Act ("FOIA") requests for a meeting with the Plaintiff's IT staff on or before June 22, 2006, violated the Stipulation.  The Stipulation provides in pertinent part:

> If Plaintiff would like to proceed with the pending FOIA requests, the parties agree to meet within two weeks of Plaintiff's receipt of Defendant's [fee waiver] decision to reach an agreement on the scope of the requests and establish a deadline for producing the agreed upon records.

* * *

>     Defendant shall use its best efforts to meet these
>     deadlines and agrees that if additional time is
>     necessary, it shall either 1) secure Plaintiff's
>     consent or 2) petition the Court for an enlargement of
>     the time needed.

See Stipulation, ¶¶ 4-5.

Defendant has scrupulously complied with the provisions of the stipulation.  The Stipulation nowhere requires that the parties convene a meeting of their staffers having IT expertise; rather, recognizing the unusual and highly technical nature of the problems associated with the electronic searches necessitated by Plaintiff's FOIA requests, the parties agreed that it would be helpful to have persons knowledgeable about such issues involved in the parties' meeting.  Plaintiff correctly notes, consistent with Paragraph 5 of the Stipulation, that, prior to the current dispute, Plaintiff had agreed to an extension of the meeting deadline through June 22, 2006.  See Plaintiff's Opposition at 3.  Thus, Plaintiff's assertion that Defendant "had already violated the Stipulation" when agency counsel contacted Plaintiff's counsel on June 21, 2006, to recommend an extension of time (Plaintiff's Opposition at 4) is incorrect.  See Stipulation, ¶ 5.

Rather, when Defendant was, regrettably, unable to make all of the desired players available to participate in the meeting with Plaintiff by June 22, 2006, due to a combination of

factors,[1] Defendant contacted Plaintiff's counsel by e-mail to explain the situation, to offer to meet with Plaintiff on June 22, 2006, anyway, and, in the event Plaintiff agreed with Defendant that a meeting without the IT staff would likely not be as fruitful, to request Plaintiff's agreement to an extension of the meeting time until the week of July 10-14, and to propose meeting times acceptable to Plaintiff during that time period. See June 21, 2006 e-mail from Joanna Dailey (copy attached). Defendant's action was not only both unavoidable and reasonable, it was also entirely consistent with Defendant's obligations under the Stipulation.

Moreover, the action Plaintiff requests of the Court in Plaintiff's Opposition is excessive and inappropriate. As discussed above, Defendant is not in violation of the Stipulation. However, even assuming arguendo that Defendant had breached the parties' agreement as Plaintiff represents is the case, the corrective action Plaintiff seeks from the Court would be both excessive to the nature of Defendant's alleged transgression and otherwise inappropriate.

Plaintiff's Opposition and the proposed order accompanying it ask the Court not only to deny Defendant's Motion but also to

---

[1] These factors included: the reassignment of this case within Defendant's Office of General Counsel, the absence from the office of the new agency counsel on mandatory training until July 5, 2006, and the absence of necessary IT staff on previously scheduled leave until July 10, 2006.

order Defendant to produce all agreed upon documents related to Plaintiff's electronic requests within ten days of the required meeting at no cost to Plaintiff, and to process "any of" Plaintiff's other FOIA requests "immediately." Plaintiff's proposed order is not a model of clarity. It is nevertheless apparent that Plaintiff would have the Court, based solely on a claim that the Defendant had breached the Stipulation – a scheduling order – not only deny Defendant's Motion seeking an enlargement of time to schedule a meeting between the parties, but also relieve Plaintiff of its obligations: (1) under the Stipulation, to negotiate an agreement with Defendant concerning the scope of its FOIA requests and a deadline for production of responsive documents (see Stipulation, ¶ 4); and (2) under FOIA, to pay the fees assessed in connection with the expensive electronic searches necessitated by certain of Plaintiff's pending FOIA requests (see 5 U.S.C. § 552(a)(4)(A)). In short, Plaintiff seeks to have the Court impose a penalty that is both grossly excessive to the alleged transgression, and inappropriate because it is would give Plaintiff an undeserved windfall that is contrary to both the FOIA and the Stipulation.

Finally, Defendant notes that the relief requested by Plaintiff would, inter alia, grant Defendant an enlargement of time for the meeting of the parties to ten days after the Court's ruling on Defendant's Motion. See Plaintiff's Proposed Order, ¶

2. Granting the relief requested by the Plaintiff would enlarge the deadline for the parties to meet as required by the Stipulation at least through July 10, 2006, a date not significantly different from Defendant's June 21, 2006 extension request.[2]  As Plaintiff has thus essentially agreed to an extension, its refusal to do so in the first place has unnecessarily involved the Court in this dispute.

For the foregoing reasons, as well as the reasons set forth in Defendant's Motion, Defendant respectfully asks the Court to extend the time for the parties to meet through the

---

[2] Defendant has sought an additional ten days through its motion to ensure that the meeting can be accomplished in a manner that accommodates the schedules of all of the attorney's, the Plaintiff, and all appropriate agency employees.  For instance, the Assistant United States Attorney assigned primary responsibility in this matter is scheduled to be on leave and out of the area during the week of July 3, 2006, returning on July 10, 2006.  If scheduling problems occur while he is away, or if more than one meeting is deemed advisable, the additional time through the month of July will permit the parties to work out the schedule without the need to further involve the Court.

month of July, 2006, and the date for the filing of the status report to a week thereafter.

                          Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Reply In Support Of Motion For An Enlargement Of Time has been made through the Court's electronic transmission facilities on the 30th day of June, 2006.

```
                              _____
                              W. MARK NEBEKER, DC Bar #396739
                              Assistant United States Attorney
                              Civil Division
                              555 4th Street, N.W.
                              Washington, DC  20530
                              (202) 514-7230
```