UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUCCESS FOR ALL FOUNDATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF EDUCATION, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 06-190 (RWR) |

## JOINT STATUS REPORT AND PROPOSED SCHEDULE

The parties hereby submit this status report.

On May 4, 2006, the Court granted the parties' Stipulation Regarding Scheduling (Stipulation). The stipulation stayed this action and established dates by which the parties would take certain steps in an effort to resolve this action in an efficient manner.

1. Pursuant to the Stipulation, Defendant agreed to do additional work in an attempt to assure Plaintiff that Defendant's response to FOIA Request No. 05-00957-F was satisfactory. Defendant provided additional documents to plaintiff on May 17, 2006 and the parties agree that FOIA Request No. 05-00957-F is resolved.

2. Pursuant to the Stipulation, Defendant agreed to do additional work in an attempt to assure Plaintiff that Defendant's response to FOIA Request No. 05-01087-F was satisfactory. Defendant indicated it could follow-up on the response to this request on July 28, 2006. Plaintiff does not feel Defendant's response has been satisfactory and contends that Defendant still has not produced the names and institutional affiliations of all persons paid under any Reading First-related subcontract to RMC Research Corporation, and the states to which they were assigned.

3. Pursuant to the Stipulation, Defendant agreed to provide materials responsive to FOIA Request No. 06-00126-F within four weeks of the Court's approval of the Stipulation. Defendant provided a response dated June 1, 2006. Pursuant to 34 C.F.R. § 5.81, Plaintiff filed an administrative appeal of Defendant's response on June 28, 2006, alleging: (a) Defendant did not provide a complete response to the FOIA request; (b) Defendant may not collect fees when it did not provide the notification of estimated fees required by Defendant's own regulations; and (c) even if Defendant could collect fees, the fees charged are unreasonable. The administrative appeal has been pending with Defendant for twenty seven working days.

4. Pursuant to the Stipulation, Defendant ruled on Plaintiff's request for a waiver of fees for FOIA Request Nos. 05-00928-F, 05-00878-F, 06-00131-F, 05-00828-F, 06-00118-F, and 05-01156-F, which Plaintiff submitted on January 30, 2006. In letters dated May 25, 2006, Defendant denied Plaintiff's request. Plaintiff informed Defendant, in writing, that it wished to proceed with the pending FOIA requests, and requested a meeting with Defendant to discuss the scope of the requests as required by the Stipulation. On July 10, 2006, the Court granted Defendant's Motion for Enlargement of Time and required the parties to meet by July 31, 2006.

5. The parties met at Defendant's offices on July 27, 2006. Both Plaintiff and Defendant were accompanied by information technology staff. At the meeting, the parties discussed the scope of the remaining FOIA Requests and agreed to tentative deadlines for producing the remaining responsive documents, based on consultation with Defendant's staff, calendar, and current responsibilities. Defendant informed Plaintiff that any final agreement was subject to the Department of Justice's approval, but

indicated that there would likely be no delays in reaching some agreement. Plaintiff asserts that Plaintiff understood the Department of Justice needed to approve any final agreement, but it believed it had Defendant's commitment to the timeline discussed at the meeting. Defendant asserts that since the meeting in July, it has become evident that needed review of the documents being processed will not allow Defendant to commit to the production of documents sought in advance of October 16, 2006. Consequently, on July 31, 2006, Defendant informed Plaintiff it could not comply with the timelines discussed at the meeting. Thus, the parties have been unable to reach an agreement on the timeline for responding to the remaining FOIA requests, discussed below.

    a.    At the July 27, 2006 meeting Defendant indicated it could provide all materials responsive to FOIA Request No. 05-00828-F by August 4, 2006. Defendant informed Plaintiff it had located all remaining materials responsive to Plaintiff's request, except for one document held by Defendant's contractor. Defendant indicated it could provide an update to Plaintiff on July 31, 2006 about its progress in obtaining the document from its contractor. Plaintiff is sensitive to the burdens of producing responsive materials under FOIA. However, this request has been pending for more than one year, and the document held by the contractor has been due to the agency for more than four years. Defendant's counsel informed Plaintiff's counsel that this request requires additional level of reviews since the case is in litigation. With all due respect, Plaintiff believes Defendant, not Plaintiff, should bear the burden of Defendant's failure to comply with the timelines set out in FOIA and the resulting litigation.

Further, Defendant informed Plaintiff it had already completed gathering the 500 pages responsive to this request, and that most of the review had been completed. Plaintiff requests Defendant be required to produce all responsive materials by August 11, 2006.

Defendant anticipates that it will provide all materials responsive to FOIA Request No. 05-00828-F by October 16, 2006. Defendant provided a status report to Plaintiff on July 31, 2006 and August 2, 2006 stating that the responsive records were under review. Due to the need for further review and processing, Defendant will need until October 16, 2006 to process the documents in question.

b. At the July 27, 2006 meeting, Defendant indicated it could provide all materials responsive to FOIA Request No. 06-00118-F by August 11, 2006. Defendant informed Plaintiff it had already gathered approximately 100 pages responsive to this request. Plaintiff requests Defendant be required to produce all responsive materials by August 11, 2006.

Defendant anticipates that it will provide all materials responsive to FOIA Request No. 06-00118-F by October 16, 2006. Defendant is still pulling responsive documents; therefore, the entire universe of documents remains unknown. Due to this and the need for further review and processing, Defendant will need until October 16, 2006.

c. At the July 27, 2006 meeting, Defendant indicated it could provide some materials responsive to FOIA Request No. 05-01156-F by August 17, 2006, and all remaining materials by August 30, 2006. Plaintiff

requests Defendant be required to produce all responsive documents by August 30, 2006, with an interim response on August 17, 2006.

Defendant anticipates that it will provide all materials responsive to FOIA Request No. 05-01156-F by October 16, 2006. Defendant is still pulling responsive documents; therefore, the entire universe of documents remains unknown. Due to this and the need for further review and processing, Defendant will need until October 16, 2006 to process the documents in question.

d.    At the July 27, 2006 meeting, Defendant indicated it could provide paper materials responsive to FOIA Request No. 05-00928-F by August 25, 2006. Plaintiff requests Defendant be required to provide all responsive materials by August 25, 2006.

Defendant anticipates that it will provide paper materials responsive to FOIA Request No 05-00928-F by October 16, 2006. Defendant is still pulling responsive documents; therefore, the entire universe of documents remains unknown. Due to this and the need for further review and processing, Defendant will need until October 16, 2006 to process the documents in question.

Obtaining additional materials would require an electronic search of Defendant's archived electronic records. Based on Defendant's explanation of its methodology for conducting such searches, Plaintiff has concluded the costs would be prohibitive. Defendant has estimated that simply retrieving the data to conduct the electronic searches would cost

over $200,000 and would take approximately 68 work weeks to complete. This estimate does not take into account the time to conduct a search of the retrieved records or time to review responsive materials. Plaintiff is a not-for-profit organization and cannot afford such high costs. Thus, reluctantly, Plaintiff is forced to drop the part of its request that requires electronic searches of Defendant's archived electronic records.

e.    At the July 27, 2006 meeting, Defendant indicated it could provide Plaintiff with paper materials responsive to item #2 under FOIA Request No. 05-00878-F, and indicated it could inform Plaintiff of Defendant's progress on this request by July 28, 2006 so the parties could agree on a date for producing the documents.

Only July 31, 2006 Defendant informed Plaintiff it did not have any additional materials responsive to this request. On August 7, 2006, Defendant informed Plaintiff it might have additional materials and requested additional information about the scope of the request.

As a consequence, Plaintiff agrees to drop items #1 and #3 of the FOIA Request, and requests paper copies of agendas and materials prepared for meetings with, or distributed to, state Reading First directors. Plaintiff requests Defendant be required to provide all responsive materials by August 25, 2006.

Defendant anticipates that it will provide paper materials responsive to item #2 of FOIA Request 05-00878-F by October 16, 2006.

f.  FOIA Request No. 06-00131-F requires an electronic search of Defendant's archived electronic records. For the reasons discussed above, Plaintiff is forced to drop this request.

6. Defendant shall use its best efforts to meet the October 16, 2006 dates proposed by Defendant and agrees that if additional time is necessary, it shall either: (a) secure Plaintiff's consent; or (b) petition the Court for an enlargement of the time needed.

Respectfully submitted,

_/s/_
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney

_/s/_
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney

_/s/_
W. MARK NEBEKER
D.C. Bar No. 396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Tele: (202) 514-7230

_/s/_ by written permission of Sheara Krivak
LEIGH M. MANASEVIT
D.C. Bar No. 260851
Brustein & Manasevit
3105 South Street, N.W.
Washington, DC 20007
Tele: 202-965-3652